**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Satwaun Wallace Henryhand, Appellant.

Appellate Case No. 2022-000975

———————

Appeal From Florence County
R. Kirk Griffin, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-367
Submitted October 23, 2025 – Filed November 5, 2025

———————

**AFFIRMED**

———————

Senior Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Andrew Douglas Powell, both of Columbia; and Solicitor Edgar Lewis Clements, III, of Florence, all for Respondent.

———————

**PER CURIAM:** Satwaun Wallace Henryhand appeals his conviction for armed robbery and sentence of twenty-seven years' imprisonment. On appeal, Henryhand argues the trial court erred by admitting (1) the motel clerk's out-of-court

identification of him because the State failed to preserve the other photographs shown to the clerk and (2) hearsay testimony in which the clerk stated her coworkers identified Henryhand from a surveillance video on the basis they were excited utterances.  We affirm pursuant to Rule 220(b), SCACR.

1.  We hold the trial court did not abuse its discretion in admitting evidence of the clerk's out-of-court identification of Henryhand.  *See State v. Liverman*, 398 S.C. 130, 138, 727 S.E.2d 422, 425 (2012) ("Generally, the decision to admit an eyewitness identification is at the trial judge's discretion and will not be disturbed on appeal absent an abuse of discretion."); *id.* at 138, 727 S.E.2d at 426 ("Due process requires courts to assess, on a case-by-case basis, whether the identification resulted from unnecessary and unduly suggestive police procedures, and if so, whether the out-of-court identification was nevertheless so reliable that no substantial likelihood of misidentification existed.").  Assuming, without deciding, that the procedure here was unnecessarily suggestive based on the State's failure to preserve the photographs used in the lineup, we nevertheless find the identification was so reliable it posed no substantial likelihood of irreparable misidentification.  *See State v. Traylor*, 360 S.C. 74, 82, 600 S.E.2d 523, 527 (2004) ("Even assuming an identification procedure is suggestive, it need not be excluded so long as, under all the circumstances, the identification was reliable notwithstanding the suggestiveness."); *id.* ("The inquiry must focus upon whether, under the totality of the circumstances, there was a substantial likelihood of irreparable misidentification.").  The clerk had an extended opportunity to view the perpetrator at close range during the commission of the offense; her degree of attention was high, as the robber pointed a gun at her while he was unmasked; she expressed certainty in her identification both at the time and at trial; her identification was not inaccurate because although she did not describe the perpetrator as having tattoos, Henryhand's clothing matched the description she gave; and the identification occurred within half an hour after the crime.  *See Neil v. Biggers*, 409 U.S. 188, 199-200 (1972) ("[T]he factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness'[s] degree of attention, the accuracy of the witness'[s] prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.").

2.  We hold the trial court erred in admitting the clerk's hearsay testimony as an excited utterance.  *See State v. Johnson*, 413 S.C. 458, 466, 776 S.E.2d 367, 371 (2015) ("The admission or exclusion of evidence rests in the sound discretion of the trial [court], and will not be reversed on appeal absent an abuse of discretion.");

Rule 802, SCRE ("Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court of this State or by statute."); Rule 803(2), SCRE (stating an excited utterance is a "statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition" and may be admitted at trial as an exception to the hearsay rule).  The clerk testified that upon viewing the surveillance footage of the robbery, her coworkers recognized Henryhand and identified him as the perpetrator; however, the State failed to establish the coworkers were under stress or excitement from watching the footage of the event.  *See State v. Davis*, 371 S.C. 170, 178, 638 S.E.2d 57, 62 (2006) ("A court must consider the totality of the circumstances when determining whether a statement falls within the excited utterance exception."); *id.* at 179, 638 S.E.2d at 62 ("[S]tatements which are not based on firsthand information, such as where the declarant was not an actual witness to the event, are not admissible under the excited utterance exception to the hearsay rule."); *id.* at 180, 638 S.E.2d at 62 (holding the State did not meet its burden of establishing a foundation for the excited utterance when no evidence was elicited by the State that the declarant was "still under the stress or excitement of [the event]").  Nevertheless, we hold the admission of this testimony was harmless error because two officers testified at trial that they were familiar with Henryhand and recognized him as the perpetrator upon viewing the surveillance footage.  *See State v. Vick*, 384 S.C. 189, 199, 682 S.E.2d 275, 280 (Ct. App. 2009) ("[T]he improper admission of hearsay testimony constitutes reversible error only when the admission causes prejudice."); *id.* ("Error is harmless when it could not reasonably have affected the result of the trial."); *id.* at 199-200, 682 S.E.2d at 280 ("[T]he admission of improper hearsay evidence is harmless where the evidence is merely cumulative to other evidence.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and VINSON and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.